**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GLEN AVILA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>REDWOOD HILL FARM AND CREAMERY, INC.,<br><br>Defendant. | Case No. 5:13-CV-00335-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>[Re: Docket No. 32] |

Presently before the Court is Defendant Redwood Hill Farm and Creamery's ("Defendant" or "RHFC") Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC"). Plaintiff Glen Avila ("Plaintiff" or "Avila") filed this putative class action against Defendant alleging that Defendant's products have been improperly labeled so as to amount to misbranding and deception in violation of several California and federal laws.

Per Civ. L.R. 7-1(b), the motion was taken under submission without oral argument. Having fully reviewed the parties' papers, the Court grants Defendant's Motion to Dismiss for the reasons explained below.

**I. BACKGROUND**

Plaintiff is a California consumer who, since January 23, 2009, purchased four flavors of Defendant's Green Valley Organics yogurt product (strawberry, vanilla, blueberry, and peach

1
Case No. 5:13-CV-00335-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1   flavors). Plaintiff argues that the yogurts' packaging is unlawful because it uses the term
2   evaporated cane juice ("ECJ"). Dkt. No. 30 ¶¶ 4-6.

3   Plaintiff alleges that a label containing the term ECJ to describe sugar (1) is 'false' (e.g.,
4   states the product is a juice when it is not); and (2) violates a number of labeling regulations
5   designed to ensure that manufacturers label their products with the common and usual names of the
6   ingredients they use and accurately describe the ingredients they utilize. Id. ¶ 26. Plaintiff claims
7   that he and the putative class members have been damaged by Defendant's alleged violations, in
8   that they purchased misbranded and worthless products that were illegal to sell or possess. Plaintiff
9   alleges one cause of action: violation of California's Unfair Competition Law ("UCL"), Cal. Bus.
10  & Prof. Code § 17200 et seq.

11  Plaintiff filed his original Complaint in this case on January 24, 2013 (Dkt. No. 1) and
12  subsequently filed a First Amended Complaint ("FAC") on May 21, 2013 (Dkt. No. 14).
13  Defendant filed a Motion to Dismiss on July 3, 2013 and Plaintiff filed the SAC on August 16,
14  2013 on behalf of himself and a putative class of all persons in the United States, or alternatively
15  all persons in California, who have purchased the same products. Dkt. No. 30 ¶ 56. Defendant
16  filed a Motion to Dismiss on September 30, 2013. Dkt. No. 32.

17  **II. LEGAL STANDARD**

18  The primary jurisdiction doctrine allows courts to "stay proceedings or to dismiss a
19  complaint without prejudice pending the resolution of an issue within the special competence of an
20  administrative agency." Ivie v. Kraft Foods Global, Inc., No. C-12-02554-RMW, 2013 WL
21  685372, at *5 (N.D. Cal. Feb. 25, 2013) (quoting Clark v. Time Warner Cable, 523 F. 3d 1110,
22  1114 (9th Cir. 2008)). Courts consider the following factors in deciding whether the doctrine of
23  primary jurisdiction applies: "(1) the need to resolve an issue that (2) has been placed by Congress
24  within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a
25  statute that subjects an industry or activity to a comprehensive regulatory authority that (4) requires
26  expertise or uniformity in administration." Ivie, 2013 WL 685372, at *5.

27  Where determination of a plaintiff's claim would require a court to decide an issue
28  committed to the FDA's expertise without a clear indication of how the FDA would view the issue,

2
Case No. 5:13-CV-00335-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

courts of this district have found that dismissal or stay under the primary jurisdiction doctrine is appropriate. See Hood v. Wholesoy & Co., Modesto Wholesoy Co. LLC, No. 12-CV-5550-YGR, 2013 WL 3553979, at *5-6 (N.D. Cal. July 12, 2013) (ECJ and soy yogurt claims dismissed because the FDA's position is unsettled); Astiana v. Hain Celestial, 905 F. Supp. 2d 1013, 1016-17 (N.D. Cal. 2012) (holding that "[i]n absence of any FDA rules or regulations (or even informal policy statements) . . . the court declines to make any independent determination of whether [the label] was false or misleading" and the claims were barred under the primary jurisdiction doctrine).

In contrast, however, where FDA policy is clearly established with respect to what constitutes an unlawful or misleading label, the primary jurisdiction doctrine is inapplicable because there is little risk that the courts will undermine the FDA's expertise. See Brazil v. Dole Foods Co., Inc., 935 F. Supp. 2d 947, 959 (N.D. Cal. 2013) (where the FDA has established requirements applicable to the violations, there is no risk of undercutting the FDA's judgment and authority, thus a stay is not necessary).

**III. DISCUSSION**

Plaintiff alleges that Defendant violated state and federal labeling laws by using the term ECJ in labeling its food products because that is not the common or usual name of that ingredient and Plaintiff would not have bought the products if he knew they were illegal to sell and possess.

The operative statute in this matter is the Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301 et seq., as amended by the Nutrition Labeling and Education Act of 1990 ("NLEA"), 21 U.S.C. § 343 et seq. 21 U.S.C. § 343 establishes the conditions under which food is considered "misbranded." Generally, food is misbranded under 21 U.S.C. § 343(a)(1) if "its labeling is false or misleading in any particular." FDA regulations require that manufacturers list ingredients "on the label or labeling of a food . . . by [their] common or usual name." 21 C.F.R. § 101.4(a)(1). The regulations provide that the "common or usual name of a food may be established by common usage or by establishment of a regulation." 21 C.F.R. § 102.5(d).

The California Sherman Food, Drug, and Cosmetic Law ("Sherman Law"), Cal. Health & Safety Code § 109875 et seq., incorporates the requirements of the FDCA as the food labeling requirements of the state of California. Plaintiff brings a claim for relief under the UCL based on

3

Defendant's alleged violations of the Sherman Law. Plaintiff alleges that ECJ is not the common or usual name of the ingredient used, and therefore Defendant's product is in violation of federal and state regulations.

This Court must decide whether Plaintiff's ECJ claims are barred by the doctrine of primary jurisdiction. Some courts in this district have decided that the FDA's position on the use of the term ECJ is unsettled and should therefore be determined by the FDA, not by courts. See Hood, 2013 WL 3553979, at *5-6 ("with respect to 'evaporated cane juice' . . . the FDA's position is not yet settled . . . the Court finds it appropriate to defer to the authority and expertise of the FDA. . . ."); Figy v. Amy's Kitchen, No. C-13-03816-SI, 2014 WL 1379915 (N.D. Cal. Apr. 9, 2014). Other courts – including this Court – have found that the FDA's guidance suggests that the agency does not view the issue as unsettled and the claim is not precluded by the primary jurisdiction doctrine. See Swearingen v. Yucatan Foods, L.P., No. C-13-3544-RS, 2014 WL 553537 (N.D. Cal. Feb. 7, 2014); Gitson v. Clover Stornetta Farms, No. C-13-01517-EDL, 2014 WL 172338, at *12 (N.D. Cal. Jan. 15, 2014); Morgan v. Wallaby Yogurt Co., Inc., No. 13-CV-0296-WHO, 2013 WL 5514563, at *4 (N.D. Cal. Oct. 4, 2013); Werdebaugh v. Blue Diamond Growers, No. 12-CV-02724-LHK, 2013 WL 5487236, at *8-9 (N.D. Cal. Oct. 2, 2013) (FDA, through guidance and warning letters, has articulated a position on ECJ); Kane v. Chobani, Inc., No. 12-CV-02425-LHK, 2013 WL 3703981, at *17 (N.D. Cal. Jul. 12, 2013), vacated by 2013 WL 5529723 (N.D. Cal. Jul. 25, 2013), reconsidered by 2013 WL 5289253 (N.D. Cal. Sept. 19, 2013) (denying motion to dismiss ECJ claim on primary jurisdiction ground, but granting motion to dismiss claim that use of ECJ in yogurt violated standards of identity for yogurt on primary jurisdiction grounds)[1]; Ivie, 2013 WL 685372, at *12 (holding that ECJ claims could go forward under "deceptive" prong of UCL); Samet v. Procter & Gamble, Co., No. 12-CV-01891-PSG, 2013 WL 3124647, at *8 (N.D. Cal. June 18, 2013) (FDA regulation that common or usual name be used to identify ingredients encompasses ECJ).

---

[1] In Kane v. Chobani, No. 12-CV-02425-LHK, 2013 WL 5289253 (N.D. Cal. Sept. 19, 2013), the court ultimately dismissed plaintiffs' ECJ allegations for failure to sufficiently state a claim under Rule 8(a) and Rule 9(b) because plaintiffs did not adequately plead that they believed the yogurts contained "only natural sugars from milk and fruit and did not contain added sugars or syrups." Id. at *7.

4
Case No. 5:13-CV-00335-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1    At this juncture, the Court must dismiss the ECJ claims based on the primary jurisdiction
2 doctrine.  In the past, this Court, along with other courts in this district, has found that the primary
3 jurisdiction doctrine did not bar adjudication of ECJ claims.  However, in light of the FDA's March
4 5, 2014 notice in the Federal Register reopening the comment period for the draft guidance on the
5 term ECJ, this Court finds it appropriate to apply the doctrine of primary jurisdiction in this case.[2]
6 Draft Guidance for Industry on Ingredients Declared as Evaporated Cane Juice; Reopening of
7 Comment Period; Request for Comments, Data, and Information, 79 Fed. Reg. 12507-08 (Mar. 5,
8 2014).  The notice states that the FDA has not resolved the issue of whether ECJ is the common or
9 usual name of the ingredient at issue and that the FDA is engaged in active rulemaking on the
10 issue.  The notice explains that the FDA is seeking additional information on the method of
11 production of ECJ, the differences between ECJ and other sweeteners, and the basic characterizing
12 properties of ECJ.  Resolution of these specific issues requires the expertise of the FDA rather than
13 the courts.  The notice also states that after reviewing the comments the FDA intends to revise the
14 draft guidance, if appropriate, and issue it in final form.  If the Court proceeds with this action and
15 issues a decision that is contrary to the FDA's formal position on ECJ, it would disrupt the uniform
16 application of the FDA's regulatory rules.  Figy v. Amy's Kitchen, 2014 WL 1379915 at *3; see
17 United States v. Philip Morris USA Inc., 686 F.3d 832, 837 (D.C. Cir. 2012) ("'The primary
18 jurisdiction doctrine rests . . . on a concern for uniform outcomes (which may be defeated if
19 disparate courts resolve regulatory issues inconsistently). . . .'").  For this reason, courts find it
20 appropriate to defer to an agency when, as here, the agency is in the process of making a
21 determination on a key issue in the litigation.  Figy v. Amy's Kitchen, 2014 WL 1379915 at *3.

22    In conclusion, applying the doctrine of primary jurisdiction allows the Court to defer to the
23 FDA's expertise on food labeling and will ensure uniformity in administration of the regulations
24 regarding ECJ.  Therefore, the Court finds it appropriate to dismiss the action without prejudice
25 pursuant to the doctrine of primary jurisdiction.

---

[2] The Court notes that the FDA's March 5, 2014 notice did not exist at the time that either party filed its pleadings, and therefore was not raised by either party.  Per Federal Rule of Evidence 201, the Court takes judicial notice of the FDA's March 5, 2014 notice in the Federal Register.

5

Case No. 5:13-CV-00335-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss will be GRANTED without prejudice.

**IT IS SO ORDERED**

Dated: May 19, 2014

                                                EDWARD J. DAVILA
                                                United States District Judge